Francisco **CALDERON** and Jose Salinas, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Ed **MADIGAN**, in his official capacity as Secretary of Agriculture; Earl Tilley, in his official capacity as Administrator of the Farmers Home Administration; Michael Field, in his official capacity as State Director of the Farmers Home Administration for Idaho; and the Wilder Housing Authority, Defendants.

Civ. No. 92–0063–S–MJC.

United States District Court, D. Idaho.

Feb. 27, 1992.

Andrew C. Thomas, Idaho Legal Aid Services, Caldwell, ID, Howard Belodoff, Idaho Legal Aid Services, Boise, ID, for plaintiffs.

Stuart M. Gerson, Felix V. Baxter, Joseph W. LoBue, U.S. Dept. of Justice, Washington, DC, Maurice O. Ellsworth, U.S. Atty., D. Marc Haws, Warren Derbidge, Asst. U.S. Attys., Boise, ID, for defendants Madigan and Tilley.

Kenneth D. Roberts, Caldwell, ID, for defendant Wilder Housing Authority.

## MEMORANDUM DECISION

CALLISTER, Senior District Judge.

The Court has before it a motion for preliminary injunction filed by two farmworker families who have been threatened with eviction by the defendant Wilder Housing Authority. On February 18, 1992, this Court entered a temporary restraining order and set up a hearing on plaintiffs' motion for preliminary injunction for February 26, 1992. During that hearing the Court took evidence from witnesses, and admitted into evidence certain documents. In addition, the Court has received briefing from both sides. The motion for preliminary injunction is therefore at issue.

After examining the entire record, the Court finds that the plaintiffs have established the elements necessary in the Ninth Circuit to obtain a preliminary injunction. *Sierra On–Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415 (9th Cir.1984). The balance of hardships tips decidedly toward plaintiffs. The evidence shows that low cost housing is scarce, especially for larger families like the Calderons and Salinases. If evicted, these plaintiffs would face real hardships.

The plaintiffs have also raised serious legal questions. In evicting the plaintiffs, the Wilder Housing Authority is relying on regulations promulgated by the Farmers Home Administration (FmHA). These regulations restrict the occupancy of Government housing, and the Wilder Housing Authority asserts that the plaintiffs violate that occupancy limit because they have too many children. There is no allegation that plaintiffs are harboring friends and collateral relatives in the homes. There is also no evidence that plaintiffs are behind on their rent or are damaging the premises. The sole ground for the eviction is that plaintiffs have too many children, and hence are violating the occupancy regulations. But the FmHA attorney, speaking for the FmHA, stated in court that the Wilder Housing Authority had misinterpreted the regulations, and that the regulations did not support the eviction. The Court has been advised by counsel that the FmHA regulations are in the process of being amended substantially, and that this process should be completed by June 1992. In addition, federal district courts from New Hampshire and Vermont have also issued preliminary injunctions restraining evictions until the proposed new regulations can be finalized. There would be no justice in evicting the plaintiffs under regulations that are both inapplicable and at death's door.

The Court will therefore grant the motion for preliminary injunction. It will remain in effect until the Court has an opportunity to examine the new regulations and hear arguments from counsel thereon. The Court shall therefore order counsel to notify the Court when those new regulations become final, and the Court will set up a hearing for argument on whether the preliminary injunction should be maintained, changed, or dismissed.

## PRELIMINARY INJUNCTION

The Court has examined the entire record concerning the motion for preliminary injunction filed by the plaintiffs. In accordance with the views expressed in the memorandum decision accompanying this preliminary injunction,

NOW, THEREFORE, IT IS HEREBY ORDERED that the plaintiffs' motion for preliminary injunction be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that the defendants, their officers, agents, employees, successors and attorneys, and all those in active concert or participation with them, are enjoined and restrained from instituting evic-

tion proceedings against the above-named plaintiffs from the Chula Vista Acres.

IT IS FURTHER ORDERED that this preliminary injunction shall remain in effect until the Court has had an opportunity to hear argument from counsel concerning the new proposed regulations which are due to be finalized sometime in the summer of 1992. Counsel are directed to notify the Court when the new regulations are instituted, and the Court will at that time set up a hearing for argument on whether the preliminary injunction issued herein should be maintained, changed, or dismissed. The maintenance of this preliminary injunction is further conditioned upon the timely payment of rent by plaintiffs, and upon compliance with all lease terms by plaintiffs.

IT IS FURTHER ORDERED that no bond shall be required in support of the preliminary injunction.